## THE STATE v. HASTINGS.

**Bastardy** : ORDER AGAINST FATHER FOR SUPPORT : SUBSEQUENT VACATION : EFFECT. In a bastardy proceeding, the defendant pleaded guilty, and an order was made that he pay certain installments for the support of the child "until the further order of the court." Afterwards, in a supplementary proceeding by the father to recover the child with a view of supporting it himself, the custody was left with the mother, but the order to pay for its support was vacated. *Held* that this order was a proper one, in view of the fact that the father had recognized the child as his, and was, without any order to that effect, under obligations to support it. (See Code, secs. 1332, 2466.)

*Appeal from Hardin District Court.*—HON. H. C. HENDERSON, Judge.

FILED, MAY 31, 1888.

THIS is a proceeding supplementary to a prosecution under the statute relating to the support of bastard

children. In the original proceeding the defendant was ordered to pay five dollars a month towards the support of the child. In this supplementary proceeding the order was vacated. The plaintiff appeals.

*J. H. Scales* and *H. L. Huff*, for appellant.

*Geo. W. Ward*, for appellee.

ROTHROCK, J.—Although the cause is in the name of the state as plaintiff, it is really a controversy between George Hastings, the father of the child, and Anna L. Lovell, its mother. The original complaint in bastardy was made in 1879, before the birth of the child. It was heard and determined in May, 1880, upon a plea of guilty by defendant. The court ordered that defendant pay into court, for the benefit and support of the child, the sum of fifty dollars, and that he pay the further sum of ten dollars every sixty days, "until the further order of the court." No default has been made in the payment required by the order. This supplementary proceeding was instituted by the defendant, in which he demanded the custody of the child, to the end that he could take it to his home, and support it in a proper manner, or, in the event that the care and custody of the child should be denied him, the order requiring him to pay ten dollars to the mother every sixty days be vacated. There was a full trial to the court, and the mother was awarded the continued custody of the child, and the defendant was released from the payment of any further sum for its support. From this order the plaintiff appeals. Some question is made about the record in the case pertaining to the bill of exceptions, and the certification of the evidence. We think the record is complete, and the appeal properly presented, and will proceed to determine the case upon its merits.

The district court was of opinion that the child should remain with its mother. The defendant did not appeal from the order, and it is not necessary to consider the question as to whether it is better for the welfare of the child that it should remain with the mother.

The State v. Hastings.

The sole question is whether, under the facts of the case, the father should be required to pay to the mother a fixed sum for the support of the child. There can be no question that the court had jurisdiction to vacate the original order. The power to vacate is expressly given by section 4722 of the Code, and the order itself reserves to the court the power to vacate it. It provided that the payments shall be made "until the further order of the court." The question for our determination is, was the vacation of the order erroneous? The defendant is possessed of considerable property. He is an unmarried man, and maintains a house, with his mother as housekeeper. The mother of the child is a divorced woman, with two or three children, the issue of her marriage. She is poor, and supports her children by her labor. Considering these facts alone, it would seem that it would be better for the welfare of the child that its custody should be awarded to the father; and it would also be thought, from the situation of the parties, that the father ought to support the child. But the court, in vacating the order, was, no doubt, influenced by other considerations. The defendant is not thereby released from the support of the child. By his plea of guilty in the original proceeding, and by express written averment in this proceeding, he claims to be the father of the child. By this recognition the child stands in the same relation to him as though born to him in lawful wedlock (Code, sec. 2466); and he is chargeable with its support. Code, sec. 1332. The court may have been of the opinion that it would be better for the child to leave the defendant with this general obligation upon him; and we are not prepared to say that the court erred. The defendant's counsel resists this appeal, upon the ground that he is not discharged from his obligation to support the child; and we think, when he refuses to do so, it will be time enough to use compulsory measures to compel him to support his offspring.

AFFIRMED.